JOHANNA FRIESE, PROSECUTOR, v. NAGLE PACKING COMPANY, RESPONDENT.

Submitted January 29, 1932—Decided June 2, 1932.

Before Justices TRENCHARD and DONGES.

For the prosecutor, *Pesin & Pesin.*

For the respondent, *John Milton.*

PER CURIAM.

This writ brings up for review a judgment of the Hudson County Court of Common Pleas affirming a determination of the workmen's compensation bureau dismissing prosecutor's petition for compensation for the death of her husband alleged to be the result of an accident arising out of and in the course of his employment by the respondent. The defense was that there was no accident, and the finding was that there was insufficient proof of an accident.

Two questions are presented to this court: First, the factual question of whether or not the prosecutrix sustained the burden of proving an accident resulting in death; and second, the propriety of excluding proffered testimony by the prosecutrix as to what her husband had said to her about the alleged accident, this having been barred as hearsay.

Deceased was a truck driver who delivered meats. In the course of his work he moved heavy pieces of meat about. The prosecutrix testified that he had been in good health up to July 21st, 1930; that he came home on that day feeling ill, ate no supper and went to bed. He seemed to get worse and she called a doctor from the city hospital who diagnosed the trouble as pleurisy. Later a physician was called and his diagnosis was pulmonary tuberculosis. Prosecutrix was not permitted to testify as to what deceased had told her concerning an injury to his chest. She says that she told deceased's foreman when he brought her husband's pay on Friday, July 25th, of the claim of an injury, and after the death told the superintendent of respondent when he called to offer his sympathy. Formal claim of a compensable accident was made a month after the death through an attorney. Her husband died on Sunday, July 27th.

Dr. Sirken testified as to his examination and treatment of deceased, whom he saw only once on July 25th. He was permitted to tell what deceased told him of an injury, which was that on July 21st, while pulling a large piece of meat, deceased felt a sharp pain in the chest. The doctor gave the cause of death as tuberculosis and said that in his opinion a latent condition had been stirred up by the strain described

by the deceased. In the death certificate he made no mention of the trauma.

Dr. Pollock testified as an expert on the disease and gave evidence to support the prosecutrix's theory of the accident and death.

On behalf of the respondent, the foreman and superintendent denied being told by the wife of an accident to deceased. It was testified that there was no knowledge of a claim of an accident for a month.

A man who was on the truck with deceased on the trip when the accident is alleged in the petition to have occurred testified that deceased said nothing and gave no sign of an injury.

A timekeeper of respondent testified that when deceased left for his home on July 21st he appeared in good health and playful spirits.

Two tribunals have decided the factual question in favor of the respondent and this court should not lightly disturb such finding. *Mountain Ice Co.* v. *Durkin*, 6 *N. J. Mis. R.* 1111; 144 *Atl. Rep.* 6. It appears that the finding is not overwhelmingly against the weight of the evidence, and in fact the weight of the evidence supports the determination of the tribunals below.

2. As to the hearsay evidence, it may have been technical error to exclude it. Such evidence is permitted by the act, and the fact that the bureau may make rules of procedure does not justify the exclusion since such a rule would be inconsistent with the other provision of the act. We think, however, that this error is not one requiring reversal. The wife's offered testimony was the same as that of the physician on this question, and, if so, the preponderance of the testimony would still be with the respondent.

The judgment under review will be affirmed, with costs.